NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 2 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO COOPER, | No. 19-17572 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00284-JAO-RT |
| v. | |
| STATE OF HAWAII DEPARTMENT OF TAXATION; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Mario Cooper appeals pro se from the district court's judgment enforcing the

terms of a settlement agreement in his employment action alleging federal and

state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an

abuse of discretion the district court's enforcement of a settlement agreement, *Doi*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002), and for clear error the district court's findings of fact, *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994). We affirm.

The district court did not abuse its discretion in enforcing the settlement agreement between Cooper and defendants because Cooper acknowledged in open court that he understood and agreed to the material terms of the agreement. *See Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1089 (9th Cir. 2015) (construction and enforcement of a settlement agreement is governed by local law of contract interpretation); *Amantiad v. Odum*, 977 P.2d 160, 169 (Haw. 1999) (settlement precludes future litigation for parties to the agreement); *Miller v. Manuel*, 828 P.2d 286, 291 (Haw. App. 1991) (settlement agreement cannot be set aside except for bad faith or fraud); s*ee also Doi*, 276 F.3d at 1137-39 (the material facts concerning the existence or terms of a settlement agreement are not in dispute where they were clearly outlined and agreed to in open court).

We do not consider Cooper's contentions concerning the district court's order partially granting defendants' motion for summary judgment because the settlement agreement disposes of all of Cooper's claims against defendants in this action. *See Jones v. McDaniel*, 717 F.3d 1062, 1068-69 (9th Cir. 2013) (order granting partial summary judgment was not appealable as part of final judgment entered after remaining claims settled).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Cooper's contention that the district court improperly relied on federal case law, and as meritless Cooper's contention that the magistrate judge improperly denied his request to appear telephonically for the settlement conference.

Cooper's request for judicial notice, set forth in his reply brief, is denied.

**AFFIRMED.**